# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**AUGUSTA SANDINO CHRISTIAN
NAMPHY, DREAM DEFENDERS,
NEW FLORIDA MAJORITY,
ORGANIZE FLORIDA, and
FLORIDA IMMIGRANT
COALITION,**

      *Plaintiffs*,

v.                                      Case No.:  4:20cv485-MW/MAF

**RON DESANTIS, in his official
Capacity as Governor of the State
of Florida, and LAUREL M. LEE,
in her official capacity as Florida
Secretary of State,**

      *Defendants*.
_____/

## ORDER DENYING IN PART MOTION
## FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

Plaintiffs have filed their Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 3.  Plaintiffs allege that for a few hours on October 5, 2020, Florida's online voter registration system crashed. This crash effectively prevented potential unregistered voters from submitting their voter registration applications prior to the midnight deadline. Plaintiffs assert that around noon on October 6, 2020, Defendants extended the voter registration deadline until 7:00 p.m., October 6, 2020. Plaintiffs seek a temporary restraining order and preliminary

injunction[1] enjoining Defendants from enforcing the October 5, 2020 voter registration deadline set forth in section 97.055, Florida Statutes, and the extended October 6, 2020, 7:00 p.m., voter registration deadline set forth in the Secretary's Directive 2020-02. Plaintiffs ask this Court to enjoin Defendants to accept voter registration applications submitted via the Florida online voter registration system by 11:59 p.m. on the second day after issuance of a temporary restraining order.

Under Rule of Civil Procedure 65(b)(1)(A), a court may issue a temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." For a plaintiff to be entitled to a temporary restraining order, it must show "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the [defendants]; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F. 3d 1223, 1225-26 (11th Cir. 2005). While all of these elements must be established, none is controlling.

Here, Plaintiffs have failed to show that an immediate and irreparable injury will result before Defendants can be heard in opposition. Florida has already

---

[1] By separate order, ECF No. 4, this Court has set an emergency telephone conference regarding Plaintiffs' request for preliminary injunction.

extended, albeit for a short time, the voter registration deadline to 7:00 p.m. on October 6, 2020. This deadline could be further extended again after notice and an opportunity to be heard if further relief is warranted. Accordingly, Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 3, is **DENIED in part** as to the request for a temporary restraining order **and taken under advisement** as to the request for preliminary injunction.

**SO ORDERED on October 6, 2020.**

**s/ MARK E. WALKER**
**Chief United States District Judge**